UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF THE COMPLAINT

                              5:14-CV-1013 (BKS/ATB)

- of -

BRUCE GERMAIN, as owner of the motor vessel
GAME DAY, a 1990, 38 foot recreational vessel, for
Exoneration from or Limitation of Liability,

    Petitioner.
_____

JAMES E. MERCANTE, ESQ., for Petitioner Bruce K. Germain
JAN S. KUBLICK, ESQ., for Claimant Matthew Ficarra

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This case involves a serious injury suffered by claimant, Matthew Ficarra, after he jumped off a vessel owned by petitioner, Bruce Germain, while anchored in the navigable waters of Lake Oneida. The petitioner initiated this action pursuant to 46 U.S.C § 30505, et seq. (hereinafter "the Limitation Act"), which grants exclusive jurisdiction to the federal courts to adjudicate a vessel owner's right to seek exoneration from or limitation of liability.

U.S. District Judge Brenda K. Sannes has referred for my consideration claimant Matthew Ficarra's motion to stay further proceedings in this action and to lift that portion of Judge Sannes' Order of August 15, 2016 (Dkt. No. 21) to the extent it stayed the prosecution of claimant's state tort action against petitioner. (Dkt. No. 36).

Petitioner argues that claimant's motion should be denied and the stay of the state court action should remain in effect because petitioner's rights under the Limitation Act cannot be adequately protected in state court. (Dkt. No. 40). For the reasons discussed below, this court agrees with petitioner and will recommend that claimant's motion be denied.

The factual and prior procedural background of this case is concisely summarized in the Second Circuit's June 1, 2016 opinion, which reversed Judge Sannes' prior dismissal of the petition for lack of admiralty jurisdiction. *See In re Petition of Germain*, 824 F.3d 258, 261-63 (2d Cir. 2016). Because the facts and procedural history, as recited by the Second Circuit, are well-known to the parties and to Judge Sannes, this court will not restate them here.

I. **APPLICABLE LAW**

The Second Circuit's prior opinion in this case discussed the admiralty law relevant to the resolution of the claimant's motion to stay this action and allow his state court tort action to proceed:

> The Constitution provides that "[t]he judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. Congress codified this constitutional grant of admiralty and maritime jurisdiction in 28 U.S.C. § 1333(1), which provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The interaction between the exclusivity clause and the saving-to-suitors clause of § 1333(1) has caused much confusion. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 . . . (2001). . . .

2

> Adding to the confusion is a separate statute, the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30505–12. . . . More specifically, the Limitation of Liability Act creates "a form of action peculiar to the admiralty and maritime context," allowing the owner of a vessel to file a petition in federal court seeking total exoneration from or limitation of liability for "damages caused by the negligence of his captain or crew." [*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243-44 (2d Cir. 2014)] . . . Typically, "[o]nce the owner files a petition for limitation, 'all [other] claims and proceedings against the owner related to the matter in question shall cease.'" *Tandon*, 752 F.3d at 244 (quoting 46 U.S.C. § 30511(c)). . . . "If the petition for limitation of liability is granted, the owner can be liable on the covered claims only up to the total value of his vessel and its pending freight; that amount will then be distributed pro rata among the proven claims." *Id*.[1]
>
> "[S]ome tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448 . . . . To resolve this tension, "the Courts of Appeals have generally permitted claimants to proceed with their claims in state court where there is only a single claimant . . . or where the total claims do not exceed the value of the limitation fund." *Id*. at 451 . . . . In *Lewis*, the Supreme Court endorsed this practice, and it further clarified that . . . ". . . [the] Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims . . . against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Id*. at 455 . . .

*In re Petition of Germain*, 824 F.3d at 263-64 (some citations omitted).

## II. ANALYSIS

"By its own terms, the Limitation Act protects the right of vessel owners to limit their liability to the value of the vessel, provided that the events or circumstances

---

[1] The Limitation Act broadly limits the vessel owner's liability for any claims arising from "' . . . any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, **without the privity or knowledge of the owner**.'" *Tandon*, 752 F.3d at 244 (quoting 46 U.S.C. § 30505(b) (emphasis added)).

3

giving rise to the damage occurred **without the vessel owner's privity or knowledge**. *Lewis*, 531 U.S. at 453 (emphasis added). *Lewis* and most of the other seminal cases that have allowed state court negligence actions to proceed notwithstanding the pendency of a petition under the Limitation Act involve corporate vessel owners who typically could only be vicariously liable for the negligence of the crew members who operated the vessel.

The petitioner in this action, however, was an individual owner who was present in his recreational vessel when the claimant suffered serious injuries after jumping off the boat in shallow water. While there is only one claimant, he is seeking damages far in excess of the value of the petitioner's boat–the cap on recovery applicable when the requirements of the Limitation Act are established. The claimant's state court action clearly alleges that the petitioner was directly negligent in connection with the accident, which, if proven, would almost certainly establish the petitioner's privity or knowledge and would defeat his efforts to limit his liability under the Limitation Act. Under these circumstances, the petitioner has the right to have the issue of his negligence adjudicated in this federal action, not in state court. *See Ex parte Green*, 286 U.S. 437, 439-40 (1932) ("It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's right to a limited liability, and that, if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case.")

In *Langnes v. Green*, 282 U.S. 531 (1931), the Supreme Court held that the district court in an admiralty action should have granted the claimant's motion to permit his state court action to proceed, but should retain jurisdiction of the limitation proceeding as a precaution against "the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court." *Id.* at 541-42. After remand, the "unlikely event" happened when Green put in issue, in the state court proceeding, the right of the owner to limited liability, by challenging, *inter alia*, the lack of the owner's privity or knowledge. The Supreme Court in its subsequent opinion in *Ex Parte Green* approved the ruling of the district court that "the question of the owner's right to limited liability having been raised, the cause became cognizable only in admiralty, and that its further prosecution in the state court should be enjoined." *Ex parte Green*, 286 U.S. at 440.[2]

In *Lewis* and other cases involving corporate vessel owners where there was little risk that limitation issues would be raised in state court proceedings, the courts have allowed the state court actions to proceed based on the stipulation of the claimant that any state court rulings touching on limitation would not have res judicata effect in the federal limitation action. *See, e.g., Lewis*, 531 U.S. at 452, 453-54 ("petitioner stipulated that his claim for damages would not exceed the value of the vessel and waived any claim of res judicata from the state court action concerning issues bearing

---

[2] *Lewis* discussed *Ex Parte Green* and did not question its continuing precedential authority. 531 U.S. at 449-50.

on the limitation of liability"); *Petition of Red Star Barge Line*, 160 F.2d 436, 438 (2d Cir. 1947) ("Should it hereafter appear that the [limitation] issue has been raised in the state court, the district court, which has ret[]ained jurisdiction of the limitation proceeding, has power to enjoin further prosecution of the state action.")  In his case however, the plaintiff clearly seeks to litigate the direct negligence of the owner of the recreation vessel who was present at the time of the incident, which would necessarily implicate petitioner's knowledge and privity, and his rights under the Limitation Act. The petitioner in this action is entitled to have his direct negligence addressed in the context of a federal limitation action, and it would be wasteful and duplicative to have those issues addressed first in a state court action, even if the claimant agreed that the state court ruling would not have res judicata effect on the limitation action. Accordingly, this court will recommend that Judge Sannes deny claimant's motion to lift her stay of claimant's state court action. *See Lewis*, 531 U.S. at 454 (if the district court concludes that the vessel owners right to limitation will not be adequately protected in state court, the federal court, in its discretion, "may proceed to adjudicate the merits, deciding the issues of liability and limitation").

      This court recognizes that the law in this area contemplates a balance between the interests of a petitioner under the Limitation Act and the rights of a claimant, suggested by the saving-to-suitors clause, to be able to pursue remedies in state court, including the right to a trial by jury.  In striking that balance going forward, Judge Sannes could consider at least two options, assuming that she adopts the

recommendation of this court that the stay of the state court proceeding should continue, at least for now.  See, e.g., *In re Leigh*, No. 13-CV-294, 2014 WL 1315394, at *2, 4-6, 2014 U.S. Dist. LEXIS 44052 (E.D.N.Y. Mar. 31, 2014).  One option would be to bifurcate the proceedings, commencing with a bench trial in this action to address the issues relating to limitation, including petitioner's direct negligence, knowledge, and privity; and then, depending on Judge Sannes' findings, allowing the remaining issues–*e.g.* comparative negligence and damages (if not found to be limited)–to be addressed in the state court action.  *Id.*, 2014 WL 1315394, at *4-5 (collecting cases).  In the alternative and in the interests of judicial efficiency, Judge Sannes could consider addressing all aspects of the litigation in this action, but doing so in a single trial with a jury empaneled at the outset to address issues beyond those relating to limitation that would need to be resolved by the district court.  *Id.*, 2014 WL 1315394, at *6 (collecting cases).  Given that my recommendation addresses the pending motion, I will leave to Judge Sannes the consideration of possible options for how to proceed with this action going forward.

      **WHEREFORE**, for the reasons stated above, it is hereby

      **RECOMMENDED** that claimant's motion to stay further proceedings in this action, and to lift that portion of U.S. District Judge Brenda K. Sannes' Order of August 15, 2016 staying the prosecution of claimant's state tort action against petitioner (Dkt. No. 36) be **DENIED.**

      Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated: June 13, 2017**

Hon. Andrew T. Baxter
U.S. Magistrate Judge