**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN THE MATTER OF THE COMPLAINT

               -of-                                         5:14-CV-1013 (BKS/ATB)

**BRUCE GERMAIN,** *as owner of the motor vessel
GAME DAY, a 1990, 38 foot recreational vessel, for
Exoneration from or Limitation of Liability*,

                                      **Petitioner.**
_____

**Appearances:**

**James E. Mercante, Esq.**
**Kristin E. Poling, Esq.**
Rubin, Fiorella Law Firm
630 Third Avenue
New York, NY 10017
Attorney for Petitioner

**Jan S. Kublick, Esq.**
McMahon, Kublick & Smith, P.C.
580 South Salina Street, Suite 300
Syracuse, NY 13202
Attorney for Claimant

**Hon. Brenda K. Sannes, U. S. District Judge**

### MEMORANDUM-DECISION AND ORDER

       On August 14, 2014, Petitioner Bruce Germain filed a complaint for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* in connection with an accident that occurred on his motor boat on July 30, 2011. (Dkt. No. 1). Claimant Matthew Ficarra has a pending negligence action in New York State Supreme Court against Petitioner arising out of the accident. The state court action has been stayed in accord

1

with 46 U.S.C. § 30511(c).  (Dkt. No. 21, p. 3).  On April 24, 2017, Claimant filed a motion to lift that stay, and to stay proceedings in this action.  (Dkt. No. 36).  Petitioner opposed the motion.  (Dkt. No. 40).  The motion was referred to United States Magistrate Judge Andrew T. Baxter who, on June 13, 2017, issued a Report-Recommendation recommending that the motion be denied.  (Dkt. No. 41).  Claimant filed objections to the Report-Recommendation on June 22, 2017 (Dkt. No. 42), and Petitioner filed a response to the objections on July 6, 2017 (Dkt. No. 43).

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*  Claimant argues that Magistrate Judge Baxter's "reliance on *Ex Parte Green*, 286 U.S. 437 (1932) is misplaced" because Petitioner's right to the protections of the Limitation of Liability Act has not been placed at issue in the state action, and that Claimant is entitled to pursue his state court claim because Petitioner's rights can be adequately protected by stipulations that Claimant is willing to make.  (Dkt. No. 42, pp. 2-3).  The Court has reviewed this objection *de novo*.

Claimant's argument is based upon the saving-to-suitors clause in the statute that codifies this Court's admiralty jurisdiction, 28 U.S.C. § 1333(1).  Section 1333(1) provides that "district courts shall have original jurisdiction, exclusive of the courts of the State, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  *See In re Petition of Germain*, 824 F.3d 258, 263 (2d Cir. 2016).

There is "some tension" between the saving-to-suitors clause, which gives suitors the right to a choice of remedies, and the Limitation of Liability Act underlying this action. *Germain*, 824 F.3d at 264 (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001)). The Limitation of Liability Act "allow[s] the owner of a vessel to file a petition in federal court seeking total exoneration from or limitation of liability for 'damages caused by the negligence of his captain or crew.'" *Germain*, 824 F.3d at 264 (quoting *Tandon v. Captain's Cover Marina of Bridgeport, Inc.*, 752 F.3d 239, 243-44 (2d Cir. 2014)); *see* 46 U.S.C. § 30511(a). Under the Act, the district court, "sitting in admiralty without a jury, conducts a proceeding known as a *concursus*." *In re Leigh*, No. 13-cv-294 (ADS)(AKT), 2014 WL 1315394, at *3, 2014 U.S. Dist. LEXIS 44052, at *8-9. (E.D.N.Y. 2014). The district court determines "whether there was negligence, whether the negligence was without the privity and knowledge of the owner and, if limitation is granted, how the limitation fund should be disbursed." *Id.*; *See In re Complaint of Messina*, 574 F.3d 119, 126 (2d Cir. 2009). Only losses, damages and injuries that were incurred "without the privity or knowledge of the owner" are subject to limitation. 46 U.S.C. § 30505(b). An owner remains liable "for his own fault and neglect." *Messina*, 574 F.3d at 126; 46 U.S.C. § 30505(a). The Act limits an owner's liability to "the value of the vessel and pending freight." *Germain*, 824 F.3d at 264; 46 U.S.C. § 30505(a).

The Supreme Court has noted that the Limitation of Liability Act does not provide any privilege for a shipowner beyond a limitation of liability, and that permitting a shipowner to stay a state court proceeding when the shipowner's rights of limitation under the Act were fully protected "would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." *Lake Tankers Corp. v.*

3

*Henn.*, 354 U.S. 147, 152 (1957). Citing to this language, the Second Circuit has noted that "[a]s long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to assure that claimants are allowed to pursue their common law remedies in accordance with the 'saving to suitors' clause." *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 759 (2d Cir. 1988).

Courts have found that the exclusive jurisdiction of the admiralty court should give way to permit a claimant to pursue a state court claim when there is a lone claimant who seeks to recover in excess of the limitation fund, "providing that the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability" and the claimant "file[s] certain protective stipulations to safeguard the shipowner against exposure to liability in excess of the vessel and its cargo if limitation ultimately is found appropriate." *In re Bridge Const. Servs. of Florida, Inc.*, 140 F. Supp. 3d 324, 337 (S.D.N.Y. 2015); *see Dammers*, 836 F.2d at 755; 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15–5 (5th ed. 2011).

In this case, there is a lone claimant whose claim far exceeds the value of Petitioner's motor boat. As Magistrate Judge Baxter noted, here the state negligence action against the Petitioner—who is the owner/operator of the boat—will concern some of the same issues raised by the Limitation of Liability Act. If, as Claimant alleges, Petitioner was negligent in connection with the accident, this would implicate Petitioner's privity or knowledge and likely defeat his efforts to limit his liability under the Act. Magistrate Judge Baxter concluded that under these circumstances, the Petitioner "is entitled to have his direct negligence addressed in the context of a federal limitation action." (Dkt. No. 41, p. 6). Magistrate Judge Baxter cited to the Supreme

4

Court's decision in *Green*, which affirmed a district court's injunction of a state court prosecution after the claimant "put in issue the right of the owner to limited liability." 280 U.S. at 440. In this case, as Magistrate Judge Baxter noted, lifting the stay, and permitting the Claimant to pursue his state court remedies prior to any trial in the federal action "would be wasteful and duplicative" even if the Claimant agreed to relitigation. *Id.*

Petitioner agrees, noting that the state court does not have jurisdiction to decide the issue of Petitioner's privity or knowledge. *See Green*, 286 U.S. at 439-40. In *Green*, however, the Court did not consider the prospect of a stipulation that might protect a petitioner's right to litigate the limitation issues in federal court. Since *Green*, courts have permitted claimants to pursue state court actions after having entered into stipulations agreeing to relitigate issues relating to the limitation of liability. *See*, *e.g.*, *Lewis*, 531 U.S. at 441-42; *Lewis & Clark Marine, Inc. v. Lewis*, 258 F.3d 888 (8th Cir. 2001); *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996).

In light of the caselaw regarding the lone claimant exception and the interpretation of the Limitation of Liability Act, the Court is obliged to consider the Claimant's argument that New York State Court is his choice of forum and that Petitioner's right to the protections of the Act can be adequately protected. Claimant argues that Petitioner's rights can be adequately protected because Claimant is willing to enter into stipulations or agreements that "fully protect[ ] Petitioner's rights under the Act." (Dkt. No. 42, p. 3). Claimant has not, however, submitted any proposed stipulations and Petitioner has not had an opportunity to address any specific proposed stipulation. Therefore, at this time, the Court will adopt Magistrate Judge Baxter's Report-Recommendation, but grant Claimant leave to refile his motion with proposed

5

stipulations.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 41) is **ADOPTED**; and it is further

**ORDERED** that Claimant's motion to stay (Dkt. No. 36) is **DENIED**, without prejudice to renewal; and it is further

**ORDERED** that, to the extent Claimant seeks to renew his motion, his motion to renew, with proposed stipulations, must be filed by August 21, 2017, and that Petitioner may file a response to this by September 5, 2017.

**IT IS SO ORDERED.**

August 7, 2017
Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge